IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JASON SOBERS,

Applicant,

v.                                    No. CV 11-0972 JP/WDS

WNMCF WARDEN,

Respondent.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** comes before the Court on Jason Sobers' Petition for Habeas Corpus pursuant to 28 U.S.C. §2254[Doc. No. 1] and the Answer [Doc. No. 8] by the Respondent. In his Answer, Respondent raises the issue of failure to exhaust state court remedies. Having reviewed the Petition, the Answer, the record, and the law, this Court recommends that Petitioner's Petition be dismissed without prejudice for failure to exhaust his claims in state court unless Petitioner is able to present evidence that the claims in this petition have been reviewed by New Mexico's highest court.

## ANALYSIS

Petitioner was charged with a count each of Attempt to Traffic a Controlled Substance by Manufacture and Conspiracy to Attempt to Traffic a Controlled Substance by Manufacture. Petitioner entered a plea of guilty on October 22, 2008 following a day of trial. The Respondent avers in his answer that Petitioner filed no direct appeal, and has not initiated state habeas corpus

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

proceedings.  His only post-trial filing is this federal petition pursuant to 28 U.S.C. § 2254[2].

Before a petitioner may seek review of a state conviction in federal court, he must exhaust all remedies in state court, *see* 28 U.S.C. § 2254(b)(1)(A), and federal habeas review is unavailable until those remedies are exhausted, *see Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002).  A federal court may consider a petition for writ of habeas corpus only after a petitioner fairly presents his claims to the highest state court and exhausts all state court remedies.  The exhaustion requirement is satisfied if the federal issue was properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The "exhaustion requirement reflects a policy of comity, whereby a federal court will not interfere with a state court conviction without giving the state courts an opportunity to correct any alleged constitutional violation." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). Additionally, "[a] state prisoner bears the burden of showing he has exhausted available state court remedies." Id.; *Picard v. Conner*, 404 U.S. 270, 275-76 (1971).  Although in this case Petitioner has not yet sought state habeas relief, he is not foreclosed from doing so, as there is no time limit in which a New Mexico inmate must seek state habeas review. *See Duncan v. Campbell*, 936 P.2d 863, 868 (N.M. App. 1997); *see also Adams v. Lemaster*, 223 F.3d 1177, 1181 n.3 (10th Cir. 2000).

The Court recommends that the petition be dismissed for failure to exhaust claims in state court.

_____
**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**

---

[2]Petitioner did file a motion seeking to retract his guilty plea.  That motion was filed after he pled guilty, but before he was sentenced.  Accordingly, it is not relevant to the exhaustion issue addressed herein.